UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

PERCY LEVY,

                Plaintiff,

    v.

WASHINGTON STATE DEPARTMENT OF CORRECTIONS, JEFFREY UTTECHT, GLEN JONES, MIKE MCCOURTIE, LEONARD WRIGHT, DAN PACHOLKE, L. DEAN, JONE DOE (1), JOHN DOE (2), JANE DOE,

                Defendants.

No. C12-5236 BHS/KLS

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO ENTER LAND**

      Before the Court is Plaintiff's Emergency Request to Enter Land. ECF No. 12. Plaintiff Percy Levy seeks to photograph a sprinkler hole in the prison recreation yard at the Coyote Ridge Corrections Center (CRCC). *Id.*

## BACKGROUND

      Mr. Levy alleges that on June 7, 2011, while he was exercising in the recreation yard at the CRCC with another inmate, he tripped in an exposed sprinkler hole and injured his right hand/wrist. ECF No. 1-1, at 8. He alleges that the hole, which was hidden by grass, was about 6 to 9 inches deep and 3 to 4 inches wide. *Id.* Mr. Levy reported to a corrections officer that he fell while running laps on a grassy recreational field known as the West Yard. ECF No. 15 (Incident Report, Exhibit A to Declaration of Leonard Wright, Recreation Director of CRCC). The West Yard contains a large grassy field as well as a baseball diamond. ECF No. 15 (Wright Decl.)

ORDER - 1

On August 3, 2011, Mr. Levy walked the area of the West Yard with CRCC's Recreation Director Leonard Wright. According to Mr. Wright, Mr. Levy was unable to point out the exact location where he fell and although the grass in the area does contain sprinkler heads which are slightly (approximately one half inch) below ground, Mr. Wright observed no holes on that date which could create a tripping hazard. ECF No. 15 (Wright Decl.), at 2.

Mr. Levy claims that repairs are now taking place to the grass where the hole which allegedly caused his fall is located. He makes this emergency request pursuant to Rule 34 to allow entry onto land in order to photograph what he terms to be "evidence of bad faith and deceit" to document what he terms the repair of the sod in the area where he fell. ECF No. 12. Because of his status as an inmate, he asks that DOC employees photograph the areas that he points out as areas presently being covered with new sod. He states that his purpose is to prove that the hole existed and to seek "the most extreme sanctions available to this court." *Id.* at 2.

According to Mr. Wright, there has been no "filling in of holes" with sod since Mr. Levy claims that he fell. The only maintenance order on the West Yard is a request to fill in certain areas around the baseball bases with dirt which became exposed due to wear caused by inmates playing softball. Mr. Wright also states that there are no sprinkler heads near the bases and this was not the area where Mr. Levy states that he fell. ECF No. 15 (Wright Decl.), at 2 and Exhibit B (Work Order).

**DISCUSSION**

Rule 34 provides that a party may serve on any other party a request … to permit entry onto designated land or other property possessed or controlled by the responding party, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it. Fed. R. Civ. P. 34(a)(2).

ORDER - 2

There is no evidence before the Court of any "bad faith or deceit" as claimed by Mr. Levy and nothing to support the filing of an "emergency" motion.  In fact, at the time he filed his complaint, Mr. Levy alleged that the fell in was already "hidden by grass."  In addition, according to CRCC's recreation director, there is no maintenance scheduled for the area where Mr. Levy reported that he fell in June of 2011.   Nevertheless, Defendants do not object to Mr. Levy's Rule 34 request to photograph the area where he claims he fell, but suggest that Mr. Levy's access and the photographs be limited to the area of the West Yard where the fall allegedly occurred in 2011.

Accordingly, it is **ORDERED:**

(1) Plaintiff's motion for entry on land (ECF No. 12) is **GRANTED in part as follows:**  Mr. Wright or another designated DOC employee shall accompany Plaintiff to the area of the West Yard of the CRCC for the purpose of taking six photographs of the area where Plaintiff states he fell in 2011.   The photographs shall be taken within **ten (10) days from the date of this Order.**

(2) Plaintiff's motion for sanctions (ECF No. 12) is **DENIED.**

(3) The Clerk is directed to send copies of this Order to Plaintiff and to the Hon. Karen L. Strombom.

**DATED** this  23rd  day of July, 2012.

*Karen L. Strombom*
Karen L. Strombom
United States Magistrate Judge

ORDER - 3