UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

PERCY LEVY,

    Plaintiff,

v.

DEPARTMENT OF CORRECTIONS OF WASHINGTON, et al.,

    Defendants.

CASE NO. C12-5236 BHS

ORDER ADOPTING REPORT AND RECOMMENDATION

This matter comes before the Court on the Report and Recommendation ("R&R") of the Honorable Karen L. Strombom, United States Magistrate Judge (Dkt. 31) and Plaintiff Percy Levy's ("Levy") objections to the R&R (Dkt. 32). Defendants filed a response in opposition to Levy's objections. Dkt. 33.

**I.    PROCEDURAL & FACTUAL BACKGROUND**

Levy, pro se, alleged in this 42 U.S.C. § 1983 civil rights case that he tripped and fell because of a sprinkler head hole and injured his right hand and wrist. This occurred when he was running laps on the Coyote Ridge Correction Center (CRCC) West Yard

1  recreational field on June 7, 2011.  Dkt. 1-1 at 8.  He alleged that the sprinkler head hole

2  was about 6 to 9 inches deep, 3 to 4 inches wide, and was hidden by grass. *Id*.

3       Mr. Levy alleged that Defendants knew of the safety risk caused by the sprinkler

4  head hole and that Defendants acted with deliberate indifference when they failed to cure

5  or warn inmates that the hazard existed. *Id*. at 11-12. He asserted that this violated his

6  Eighth Amendment right to be free from cruel and unusual punishment and that

7  Defendants conspired to cover up the incident and their prior knowledge of the danger.

8  *Id*. Mr. Levy also asserted various state law claims, including negligence, outrage, fraud,

9  and failure to train. *Id*.

10       When Levy tripped and fell, it is undisputed that he sustained injuries to his right

11  hand and wrist for which he was treated. Mr. Levy makes no allegations against

12  Defendants with regard to his medical treatment.

13       Judge Strombom found that Levy had not met his burden of showing that any

14  Defendant violated his Eighth Amendment rights and recommended the Court grant

15  Defendants' motion for summary judgment on those claims.  Dkt. 31 at 11-16.  In

16  relevant part, Judge Strombom also recommended that the remaining state claims be

17  dismissed for lack of subject matter jurisdiction. *Id*. at 18-19.

18       In his objections, Levy takes issue with Judge Strombom's finding that the

19  Defendants did not violate his Eighth Amendment right. Dkt. 32.  In summary, Levy

20  argues that he put forth enough evidence to show that Defendant Leonard Wright knew

21  that the danger in the field existed and that the "slip-and-fall" cases cited by Judge

22

4

Strombom are not sufficiently analogous to his case and thus do not support her conclusion that his Eighth Amendment right was not violated. *See id*. at 3.

## II.    DISCUSSION

The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.  The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.  Fed. R. Civ. P. 72(b)(3).

Upon review of Judge Strombom's decision, the Court finds that her recommendations are based on a thorough review of the record and a well-reasoned analysis of the law.  Nothing in Levy's objections demonstrates that Judge Strombom's recommendation is in error.

Levy's contention that Wright knew of the hole in the recreational field prior to the incident is simply not supported by the record.  Even assuming he knew about this hole prior to Levy's fall and viewing the evidence in a light most favorable to Levy, as Judge Strombom found, there is nothing to establish that any of the Defendants consciously disregarded an excessive risk of harm to Levy's safety which would rise to the level of an Eighth Amendment violation.  *See* Dkt. 31 at 16. In contrast to Levy's contention, the cases which Judge Strombom cites are sufficiently analogous to support her recommendation to grant Defendants' summary  judgment motion and dismiss his case. *See id. (citing  Jackson v. Arizona,* 885 F.2d 639, 641 (9th Cir.1989) (holding that slippery floors, without more, do "not state even an arguable claim for cruel and unusual punishment")), superseded by statute as stated in *Lopez v. Smith, 203* F.3d 1122, 1130–31

(9th Cir. 2000); *LeMaire v. Maass,* 12 F.3d 1444, 1457 (9th Cir. 1993) (shackling a dangerous inmate in shower, even if he might fall, does not violate the Eighth Amendment); *Tunstall v. Rowe,* 478 F. Supp. 87 (N.D. Ill. 1979) (greasy staircase that caused prisoner to slip and fall did not violate the Eighth Amendment); *Robinson v. Cuyler,* 511 F. Supp. 161, 163 (E.D. Pa. 1981) (slippery kitchen floor does not inflict cruel and unusual punishment); *Snyder v. Blankenship,* 473 F. Supp. 1208, 1212 (W.D. Va. 1979) (leaking dishwasher which caused prisoner to slip and fall did not violate Eighth Amendment).

### III.  ORDER

The Court having considered the R&R, Plaintiff's objections, and the remaining record, does hereby find and order as follows:

(1)  The R&R is **ADOPTED**; and

(2)  This action is **DISMISSED**.

Dated this 1st day of May, 2013.

BENJAMIN H. SETTLE
United States District Judge